Dear Senator Price,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
1. When a state employee is hired into the unclassifiedservice and notified by the agency that the appointment is to an"underfilled" position purportedly pursuant to merit rule OAC530: 10-5-13, is that unclassified employee entitled tocompensation at the full performance level when that employee isperforming the duties of the different unclassified position on afull-time and permanent basis?
 2. If a state employee is hired into the unclassified serviceand placed into a lower grade position than the class to which aclassified position is allocated, and such placement ispurportedly made pursuant to merit rule OAC 530: 10-5-13, doesthat unclassified employee have the right to file aclassification grievance pursuant to merit rule OAC 530: 10-5-4(c), when the employee is actually assigned and performing dutiesat the full performance level of the classified position?
 3. Is an unclassified state employee entitled to the samecompensation as other unclassified employees performing likeduties when all such employees have the same job duties andresponsibilities?
 4. If an unclassified state employee feels aggrieved by a jobstatus determination, what actions may the state employee take toaddress the issue?
¶ 1 The Oklahoma Personnel Act (74 O.S.Supp. 1998, §§840-1.1-840-6.9)divides employees of State government into two broad categories: the classified service and the unclassified service.[1] The classified service includes "state employees and positions under the jurisdiction of the Oklahoma Merit System of Personnel Administration." Id. § 840-1.3(7). Classified employees and positions are subject ". . . to policies and procedures for the selection, hiring, retention, advancement, career development, job classification, salary administration, discipline, discharge and other related activities, all in accordance with principles of merit and fitness." Id. § 840-1.2. Whereas, the unclassified service consists of those employees and positions excluded from coverage of the Oklahoma Merit System of Personnel Administration. Id. § 840-1.3(22). Generally, unclassified employees serve at the pleasure of their appointing authorities and may be separated from service at any time, with or without cause. Id. § 840-5.1A(A). Unless specifically provided, positions in the unclassified service are not subject to any of the provisions of the personnel act or of the rules and regulations promulgated thereunder except leave regulations (id. § 840-5.1), the State whistle blowing statute (id. § 840-2.5), and the State anti-discrimination statute (id. § 840-2.9).
 I
¶ 2 The first question asks when a state employee is hired into the unclassified service and notified by the agency that the appointment is to an "underfilled" position purportedly pursuant to merit rule OAC 530: 10-5-13, is that unclassifed employee entitled to compensation at the full performance level when that employee is performing the duties of a different unclassified position on a full-time and permanent basis?
¶ 3 Merit rule OAC 530:10-5-13[2] provides authority for merit system agencies of state government to underfill classified positions with employees in specified lower classes, subject to the requirements of the rule. However, the Oklahoma Personnel Act provides, in part:
 Unless otherwise provided, offices and positions in the unclassified service are in no way subject to any of the provisions of this act or of the rules and regulations promulgated hereunder except leave regulations. . . .
74 O.S.Supp. 1998, § 840-5.1[74-840-5.1] (emphasis added).
¶ 4 Therefore, as a matter of law, an unclassified position is not per se subject to the requirements of merit rule OAC530:10-5-13. Because an unclassified position is not subject to the requirements of merit rule OAC 530:10-5-13, such unclassified employee is not required to be compensated in the same manner as a classified employee would be in an underfill situation covered by merit rule OAC 530:10-5-13.
 II
¶ 5 The second question asks if a state employee is hired into the unclassified service and placed into a lower grade position than the class to which a classified position is allocated, and such placement is purportedly made pursuant to merit rule OAC 530: 10-5-13, does that unclassified employee have the right to file a classification grievance pursuant to merit rule OAC 530: 10-5-4(c), when the unclassified employee is actually assigned and performing duties at the full performance level of the classified position?[3]
¶ 6 Merit rule OAC 530: 10-5-4(c) provides:
 An employee has the right and responsibility to file a classification grievance, as provided by law and rule, when duties performed on a regular and consistent basis do not conform to the [employee's] class specification. (No emphasis added.) See also 74 O.S. § 840-4.3[74-840-4.3](B).
¶ 7 As explained in the purpose statement preceding OAC 530: 10-5-4(c):
 The purpose of the rules in this Subchapter are to establish: (1) an employee classification system for all classified employees; and (2) standards and procedures for conducting audits of positions.
OAC 530: 10-5-1 (emphasis added).
¶ 8 Therefore, the reference to employee in OAC 530: 10-5-4(c) is to a classified employee.
¶ 9 As in the discussion in part I above, "[u]nless otherwise provided, offices and positions in the unclassified service are in no way subject to any of the provisions of this [personnel] act or of the rules and regulations promulgated hereunder except leave regulations. . . ." 74 O.S. Supp. 1998, § 840-5.1[74-840-5.1]
(emphasis added). Therefore, as a matter of law, an unclassified position is not per se subject to the requirements of merit rule OAC 530: 10-5-4(c), and as a result, an unclassified employee does not have a right to file a classification grievance pursuant to said rule.
 III.
¶ 10 The third question asks whether an unclassified state employee is entitled to the same compensation as other unclassified employees performing like duties when all such employees have the same job duties and responsibilities. There is no provision in the Oklahoma Statutes which requires appointing authorities to compensate employees in the unclassified service the same for performing like duties. However, the Oklahoma Personnel Act would prohibit disparate compensation between employees, including those in the unclassified service, performing like duties caused by favoritism or discrimination based upon political or religious opinions or affiliations, race, creed, gender, color or national origin or by reason of any physical handicap (see 74 O.S. Supp. 1998, § 840-2.9[74-840-2.9] and for disciplinary actions taken for lawful disclosures made by them under the State whistle blowing statute (see id. § 840-2.5).
 IV
¶ 11 The fourth question asks if an unclassified state employee feels aggrieved by a job status determination, what actions may the state employee take to address the issue. Because unclassified positions are excluded from coverage of the Oklahoma Merit System of Personnel Administration (see 74 O.S. Supp.1998, § 840-1.3[74-840-1.3](22)), there is no statutory requirement for state agencies to "classify" positions they create in the unclassified service. Executive branch agencies are required to establish salary schedules for unclassified employees. See id.
§ 840-4.6(D). For its internal use, an agency could implement its own "classification" system for its unclassified positions.[4]
¶ 12 The Oklahoma Personnel Act has defined the role of unclassified employees in state government as follows:
 Within state government, persons appointed to a position in the unclassified service after June 30, 1996, shall serve at the pleasure of the appointing authority. Appointing authorities shall not convey any right or expectation of continued employment to such unclassified employees. The appointing authority may separate such unclassified employees at any time with or without cause. No provision of the Oklahoma Personnel Act shall be construed as granting any property interest in employment to any unclassified service employee.
74 O.S. Supp. 1998, § 840-5.1A[74-840-5.1A](A) (emphasis added).
¶ 13 Because of this provision, unclassified employees are employees at will, serving at the pleasure of their appointing authorities. As a result, unclassified employees aggrieved as to their internal agency "classifications" could seek review by their appointing authorities.[5] As mentioned above, the Oklahoma Personnel Act would prohibit adverse actions against all employees of State government, including those in the unclassified service, caused by favoritism or discrimination based upon political or religious opinions or affiliations, race, creed, gender, color or national origin or by reason of any physical handicap (see id. § 840-2.9) and by disciplinary actions taken for lawful disclosures made by them under the State whistle blowing statute (see id. § 840-2.5).
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. An unclassified employee is not required to be compensatedin the same manner as a classified employee would be in anunderfill situation covered by merit rule OAC 530:10-5-13,because an unclassified position is not subject to therequirements of the rule. See74 O.S. Supp. 1998, 840-5.1.
 2. An unclassified employee does not have a right to file aclassification grievance pursuant to merit rule OAC 530:10-5-4(c), because an unclassified position is not subject to therequirements of the rule. See 74 O.S. Supp. 1998, § 840-5.1[74-840-5.1].
 3. There is no provision in the Oklahoma Statutes whichrequires appointing authorities to compensate employees in theunclassified service the same for performing like duties.However, the Oklahoma Personnel Act would prohibit disparatecompensation between employees, including those in theunclassified service, performing like duties caused by favoritismor discrimination based upon political or religious opinions oraffiliations, race, creed, gender, color or national origin or byreason of any physical handicap (see 74 O.S. Supp. 1998, §840-2.9) and by disciplinary actions taken for lawfuldisclosures made by them under the State whistle blowing statute(see id. § 840-2.5).
 4. Because unclassified employees in State government areemployees at will, they serve at the pleasure of their appointingauthorities. See 74 O.S. Supp. 1998, § 840-5.1A(A). As aresult, unclassified employees aggrieved as to their internalagency "classifications" could seek review by their appointingauthorities. The Oklahoma Personnel Act would prohibit adverseactions taken against all employees of State government,including those in the unclassified service, caused by favoritismor discrimination based upon political or religious opinions oraffiliations, race, creed, gender, color or national origin or byreason of any physical handicap (see id. § 840-2.9) and bydisciplinary actions taken for lawful disclosures made by themunder the State whistle blowing statute (see id. § 840-2.5).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] The Oklahoma Personnel Act also refers to the unclassified service as the exempt service. 74 O.S. Supp. 1998, §840-1.3[74-840-1.3](22).
[2] 530:10-5-13. Authority to underfill positions
 (a) The Office of Personnel Management may approve a request from an Appointing Authority to underfill positions with employees in specified lower classes than classes to which positions are allocated. Purposes for underfilling positions are to serve the administrative needs of an agency to fill positions and to provide employees with training, career opportunities or upward mobility within the occupational series.
 (b) Any appointment to underfill a position shall be preceded by posting the position at the full performance level with the option to underfill the position at the specified underfill class. The Appointing Authority shall record the action as an underfill in the remarks on the personnel action form and shall include with the form a statement of the duties, responsibilities, and supervision exercised, or received, that the Appointing Authority has changed to ensure the employee is assigned work consistent with his or her classification.
 (c) The underfilling of a position by an employee in a lower class than that to which the position is allocated shall be accompanied by a corresponding modification in the duties and responsibilities of the position. The employee occupying the position shall be properly classified in accordance with the provisions of 530:10-5-4.
 (d) Employees who are underfilling positions cannot be reclassified or assigned to perform work at the full performance level of the position until they have:
 (1) acquired the required minimum qualifications for full performance in the position as allocated and
 (2) been promoted to that class in accordance with the provisions of the Merit Rules governing promotions. Promotion to the full performance level does not require an additional promotional posting, if the position was posted at the full performance level at the time of the underfill in accordance with subsection (b).
 (e) Appointing Authorities shall not appoint employees to underfill positions without approval from the Office of Personnel Management in accordance with the provisions of (a) of this Section.
[3] The scenario of this question would appear rare in practice because unclassified employees are generally not eligible to fill classified positions. One example of how this might occur arises out of 74 O.S. Supp. 1998, § 840-5.5[74-840-5.5](B) which grants merit system agencies authority to appoint the following licensed professionals as either unclassified or classified: medical doctors, osteopathic physicians, dentists, psychologists, accountants, attorneys, veterinarians, and pharmacists.
[4] One reason an agency might choose to implement its own "classification" system for its unclassified positions would be to comply with 74 O.S. Supp. 1998, § 840-2.17[74-840-2.17](B)(1) which exempts "[s]alary advancements on promotion or direct reclassification to a job classification with a higher grade" from the pay raise prohibition found in Subpart A.
[5] This opinion does not address actions taken pursuant to applicable federal or state constitutional or other statutory grievances.